UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WALTER E. ROBINSON,<br>16545 Trotters Glen Pl.<br>Hughsville, MD 20637<br><br>    Plaintiff,<br><br>        v.<br><br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY<br>600 Fifth Street, NW<br>Washington, DC 20001<br><br>    Defendant. | Civil Action No. _____<br><br><br>Judge: _____<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Walter E. Robinson, by and through counsel, to hereby file this Complaint against Defendant Washington Metropolitan Area Transit Authority (WMATA). In support of said Complaint Mr. Robinson states as follows:

## PARTIES

1. Plaintiff Walter E. Robinson is a resident of Maryland residing at 16545 Trotters Glen Place, Hughsville, Maryland, 20637.

2. Defendant Washington Metropolitan Transit Authority is a common carrier governmental entity chartered by a multi-state compact between Maryland, Virginia and the District of Columbia with its headquarters at 600 Fifth Street, NW, Washington, DC 20001.

1

## JURISDICTION AND VENUE

3. This court has subject matter jurisdiction pursuant to the Rehabilitation Act, 29 U.S.C. § 701, *et. seq.* Defendant falls under 29 U.S.C. § 794(a) because it accepts federal program funds. <u>Barbour v. Washington Metropolitan Transit Auth.</u>, 374 F.3d 1161 (D.C. Cir., 2004).

4. This court has personal jurisdiction over Defendant WMATA pursuant to the WMATA Compact, Public Law 89-774, paragraph 81, approved by Congress on November 6, 1966, as amended, reprinted at D.C. Code 9-1107.01, Section 81, which provides:

   The United States District Courts shall have original jurisdiction, concurrent with the Courts of Maryland and Virginia, of all actions brought by or against the Authority and to enforce subpoenas issued under this Title.

5. Venue is proper in this court because Defendants are headquartered and do business in this district and a substantial portion of the records, personnel and actions alleged herein occurred in this district.

## FACTUAL ALLEGATIONS

6. Prior to May 19, 2015, Walter Robinson worked as a bus operator for WMATA. He had held a commercial drivers license (CDL) approved by the Maryland Motor Vehicle Authority (MVA) under federal Department of Transportation (DOT) regulations since 1994.

7. Mr. Robinson's CDL required periodic recertification. The recertification process includes examinations for medical fitness. The results of these examinations were reported to the state of Maryland. One of these examinations was conducted in May or June of 2014. During this examination Mr. Robinson truthfully and

2

completely disclosed all of his medications and medical conditions. The state of Maryland renewed Mr. Robinson's CDL in 2014 based on this examination.

8. Mr. Robinson was hired by WMATA on February 2, 2014 as a Metrobus Operator. Before entering active service as a Metrobus Operator, Mr. Robinson was required to complete a medical examination by WMATA's Medical Services and Compliance Branch (MSCB).

9. Mr. Robinson completed two examinations during July and August of 2014. The first was with a physician in New Carolton. The second was at the MSCB office at 616 H Street, NW in Washington, DC.

10. In the course of these examinations Mr. Robinson provided access to all requested medical records and truthfully answered all of WMATA's questions. This included truthful descriptions of all of his medications and medical conditions.

11. In the course of the medical examinations Mr. Robinson reported that that he suffered from, and was being treated for, arthritis, gout, sleep apnea (OSA) and deep vein thrombosis (DVT) in his legs and arms. None of these conditions presented themselves in ways that would disqualify Mr. Robinson from holding a commercial drivers license under Department of Transportation regulations. Mr. Robinson had reported all of these conditions and their treatment programs, including medications, to Maryland MVA during recertification earlier that year.

12. In August of 2014, WMATA required Mr. Robinson to undergo a sleep apnea study to determine the severity of his condition and the effectiveness of his treatment program. Mr. Robinson complied with this requirement and successfully completed the tests.

13. Mr. Robinson was cleared to work as a Metrobus Operator after he completed the required medical examinations in August, 2014 and was assigned to WMATA's Bladensburg Division. He continued employment in this position until his May 19, 2015 termination. During his employment Mr. Robinson complied with his treatment programs and none of his medical conditions became noticeably worse.

14. On February 27, 2015 Mr. Robinson completed a Prescription Reporting Form for WMATA. This form required Mr. Robinson disclose each medication he was taking, the condition it treated, dosage, and how long it would need to continue to be taken. These were similar to forms and disclosures required during the medical examinations in July and August of 2014. Mr. Robinson timely and accurately completed this form and returned it to WMATA.

15. The medications Mr. Robinson disclosed included medications prescribed to treat his medical conditions. Mr. Robinson complied with all of his treatment programs and any restrictions they imposed.

16. On April 22, 2015, Gina C. Pervall, MD, a physician with Defendant WMATA's Medical Services and Compliance Branch wrote a letter to Mr. Robinson. The letter accused Mr. Robinson of failing to disclose medical conditions and medications. Specifically Dr. Pervall incorrectly stated that prior to February 27, 2015 Mr. Robinson had failed to disclose his medical conditions, including arthritis, gout, OSA and DVT, and the medications for their treatment.

17. The letter incorrectly stated that these conditions and medications disqualified him from commercial driver certification. The letter stated that she was referring his failure to disclose to his division of WMATA for administrative action.

18. Dr. Pervall also stated that she had notified federal and Maryland authorities that he did not meet medical standards for commercial driving and demanded he report to the Maryland MVA to downgrade his CDL.

19. After he received Dr. Prevall's April 22, 2015 letter Mr. Robinson contested Dr. Prevall's claims that he had not disclosed his conditions.  Mr. Robinson cited his disclosures during his July-August, 2014 medical examinations and the sleep apnea test.

20. During April and May, 2015 Mr. Robison clearly communicated to WMATA managers his desire to continue working for them regardless of the outcome of any administrative process.  Mr. Robinson also continued to comply with all requests for information on his medical history and conditions.

21. On May 19, 2015, Summon L. Cannon, Superintendent of WMATA's Bladensburg Division, wrote Mr. Robinson a memorandum.  Mr. Cannon stated that, based on Dr. Prevall's inaccurate statements regarding Mr. Robinson's alleged failure to disclose, Mr. Robinson would be terminated from his employment as a Metrobus Operator.  Mr. Robinson's termination date was May 19, 2015.

22. At no time did Mr. Cannon or any other WMATA manager offer Mr. Robinson any accommodation of his medical conditions.   No official at WMATA responded to Mr. Robinson's requests to continue his employment or attempted to engage in any interactive process with Mr. Robinson to determine an appropriate accommodation for his conditions.

## CAUSE OF ACTION

23. Mr. Robinson hereby re-states and re-alleges the above paragraphs of this Complaint as if fully set forth herein.

24. Section 501(b) of the Rehabilitation Act, [cite] requires employers to take "affirmative action" when making "hiring, placement, and advancement" decisions regarding "individuals with disabilities." 29 U.S.C. § 791(b).

25. A common form of "affirmative action" is development of a reasonable accommodation of the employee's disability.

26. As relevant to this case the Rehabilitation Act defines "individual with a disability" as anyone who "has a physical or mental impairment which for such individual constitutes or results in a substantial impediment to employment" and can benefit from medical treatment.  Id. §705(20)(A).

27. Mr. Robinson is an individual with a disability under the Rehabilitation Act because he suffers from and receives medical treatment for arthritis, gout, OSA, and DVT.

28. Mr. Robinson was capable of performing the duties of his position as a Metrobus Operator, as was demonstrated by the renewal of his CDL less than a year earlier.

29. Defendant WMATA's actions violated the Rehabilitation Act when it terminated Mr. Robinson without offering any reasonable accommodation or attempting to engage in an interactive process to develop one.

30. As a result of WMATA's May 19, 2015 termination Mr. Robinson suffered lost wages, mental distress, and other injuries.

## JURY TRIAL DEMAND

31. Mr. Robinson demands a trial by jury on all issues that may be tried by jury.

## RELEIF REQUESTED

32. **WHEREFORE,** Plaintiff Walter E. Robinson respectfully requests a compensatory judgment against Defendant WMATA in the amount of $300,000, punitive damages to be determined at trial, plus costs, attorney's fees, and such other relief as is just and proper.

Respectfully submitted,

/s/ Edward J. Elder
Edward J. Elder (Bar #460588)
2000 P Street, NW
Suite 415
Washington DC 20036
202-957-8257
eelder.esq@earthlink.net
Counsel for Walter Robinson